IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES WARD DAVIS, # 17234-035**             **PETITIONER**

**VERSUS**             **CIVIL ACTION NO. 3:14CV940-DPJ-FKB**

**WARDEN MARCUS MARTIN**             **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner James Ward Davis filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. Davis is incarcerated with the Bureau of Prisons at the Federal Corrections Complex in Yazoo City, Mississippi. He attacks his conviction for making a false oath in relation to a bankruptcy case. The Court has considered and liberally construed the pleadings. As set forth below, this case should be dismissed.

I.    Background

On December 8, 2014, Davis filed the instant habeas petition challenging his conviction handed down from the Western District of Louisiana. Davis is a Louisiana citizen, who pleaded guilty to making a false oath in relation to a bankruptcy case. Pet. [1] at 1; Pet. Ex. [1-1] at 1. The Western District of Louisiana sentenced Davis on July 24, 2014, to 60 months imprisonment *Id.* at 2. Six days later, Davis appealed, and that appeal remains pending before the Fifth Circuit Court of Appeals. *United States v. Davis*, No. 14-30915 (5th Cir. July 30, 2014). Davis's initial appellate brief is due on December 22. *Davis*, No. 14-30915 (5th Cir. Dec. 8, 2014).

Davis argues that neither the United States nor the Western District of Louisiana possessed jurisdiction to convict or sentence him and that the Summons and Criminal Judgment

are defective. He reasons that the United States Criminal Code has no authority over him or his activities in Louisiana, because Louisiana is not a state, as defined by the Constitution, criminal code, or Federal Rules of Criminal Procedure. He asks the Court to reverse his conviction and release him.

II.     Discussion

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). But a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, the proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

There is, however, an exception to this rule. "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the "inadequate or ineffective" test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson*, 305 F.3d at 347 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Davis does not meet this test. He does not rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, nor does he assert that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. Finally, Davis's case is currently on appeal, and his brief is not yet due. Therefore, he does have an opportunity to raise the claims on direct appeal or in a future § 2255 petition. The Court concludes that Davis's claims fail to satisfy the *Reyes-Requena* test and he cannot proceed under the savings clause.

III.    Conclusion

Since Davis's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, Davis's claims are not properly pursued under § 2241, and the Petition for habeas relief is dismissed as frivolous. Further, to the extent the Petition can be construed as a § 2255 motion, it is dismissed for lack of jurisdiction. 28 U.S.C. § 2255(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. *See Pack*, 218 F.3d at 454. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).